NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4388
_____

SHEDDY FAMILY TRUST, by and through Louis Sheddy, its Trustee;
LOUIS SHEDDY, individually,

Appellants

v.

PIATT TOWNSHIP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 08-cv-01223)
District Judge:  Honorable James F. McClure
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010

Before:  JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed:  December 20, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Louis Sheddy and the Sheddy Family Trust (collectively, the Appellants) appeal

the District Court's summary judgment in favor of Piatt Township (Piatt or Township).

We will affirm.

I.

Louis Sheddy is a trustee of the Sheddy Family Trust, which owns property at 500 Sams Road in Piatt Township, Pennsylvania.[1] In May 2002, Piatt served the Sheddys with an enforcement notice alleging that their use of the property—storing junk vehicles without a permit—violated a Township ordinance. Approximately one month later, Piatt served the Sheddys with an enforcement notice ordering them to clean up the property and informing them that they had thirty days to appeal to the Township's zoning hearing board. The Sheddys never appealed the enforcement notices.

Piatt initiated enforcement proceedings, and the local magistrate entered judgment against the Sheddys. They appealed the judgment and later filed (and amended) a complaint alleging that the relevant ordinance was unconstitutional on its face and as applied. Specifically, the Sheddys asserted an equal protection claim, charging that similarly situated individuals were not prosecuted. In 2003, the Lycoming County Court of Common Pleas held that the Sheddys could not raise a majority of their allegations because their failure to appeal the enforcement notices to the zoning hearing board constituted a waiver of any challenges to the merits of the ordinance or its application. With the Appellants' constitutional claims dismissed, Piatt won the subsequent non-jury

---

[1] Writing for the parties, we recount only the essential facts. Like the Sheddys, we adopt the District Court's recitation.

trial. The Commonwealth Court of Pennsylvania affirmed, and in August 2005, the Pennsylvania Supreme Court denied the Appellants' petition for allowance of appeal.

In 2005, the Sheddys sought approval of the zoning hearing board to expand the junkyard, arguing that a special exemption to the ordinance existed for junkyards and auto salvage businesses. The board determined that the Sheddys did not meet the burden of establishing a preexisting non-conforming use. The Sheddys appealed to the Lycoming County Court of Common Pleas, which again entered judgment in favor of the Township. The Commonwealth Court affirmed, and the Appellants' petition for allowance of appeal was again denied by the Pennsylvania Supreme Court.

In June 2008, the Sheddys filed a complaint against Piatt in the Middle District of Pennsylvania alleging that the 2002 enforcement notices violated their right to equal protection under the Fourteenth Amendment.[2] The District Court held that *res judicata* barred the Appellants' claim because they had the opportunity to argue it in the state court litigation but failed to do so. Alternatively, the District Court found that the Sheddys failed to put forward evidence of any question of material fact warranting trial. This appeal followed.[3]

---

[2] The Sheddys did not reassert that the Township ordinance was facially invalid, which was the other constitutional claim that had been dismissed as procedurally barred by the Lycoming County Court of Common Pleas in 2003.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 because

3

II.

The Sheddys claim the District Court erred in applying *res judicata* and granting summary judgment in favor of Piatt Township.[4]

A.

Under federal law, a state court decision is given the same *res judicata* effect in subsequent federal proceedings as it is given in the issuing state's courts. 28 U.S.C. § 1738. To determine whether *res judicata* properly applies to a Pennsylvania state court decision, we look to Pennsylvania law. *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989).

This case does not require us to analyze the elements of *res judicata*, however,

the Appellants' complaint raised federal questions and alleged civil rights violations. We have jurisdiction pursuant to 28 U.S.C. § 1291 because the Sheddys challenge a "final decision[]" of the District Court.

[4] The Sheddys also argue that they raised a substantive due process claim and that the District Court erred in treating that claim as insufficiently pleaded and therefore waived. Like the District Court, we find that because this claim was not presented with "sufficient specificity" in the complaint, it has been waived. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 471 (3d Cir. 1992). Even if we were to accept the Appellants' position that their brief in opposition to summary judgment raised the due process argument in a timely fashion and with sufficient specificity, we would nevertheless affirm summary judgment for the same reason we affirm with regard to their equal protection claim. *See infra* Part II.B. The record contains no evidence that would allow a reasonable jury to find in their favor, *i.e.*, that Piatt's conduct "shocks the conscience," as is required to establish a substantive due process violation in this context. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004).

because even if the Sheddys are correct that *res judicata* should not apply, summary judgment is nevertheless appropriate on the merits of their underlying equal protection claim.[5]

## B.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c)(2). A factual dispute is "genuine" and thus warrants trial "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. . . . The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be [significantly probative] evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49, 252 (1986). "Speculation and conclusory allegations do not satisfy this duty. . . . [A]mbiguous allegations and vague inferences . . . cannot defeat summary judgment." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252, 254 (3d Cir. 1999) (citation omitted). Summary judgment must be entered against any party unable to present sufficient evidence in support of an essential element of a claim because "a complete failure of proof concerning an essential element of the nonmoving

---

[5] There is some question as to whether *res judicata* was correctly applied in this case. It is not clear that the Sheddys, by failing to appeal to the zoning hearing board, are precluded from bringing federal constitutional claims in federal court.

party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Finally, we assume also that the non-moving party's allegations are true, and they "must receive the benefit of the doubt" when in conflict with the moving party's claims. *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995) (quoting *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

In framing their equal protection claim, the Sheddys proceed on a "class of one" theory, which requires them to prove that they "ha[ve] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). One way to meet this standard is to show that the Township's conduct was "irrational and wholly arbitrary." *Id.* at 565; *see also Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004).

Considering the record in the light most favorable to the Sheddys, there is insufficient evidence to allow any reasonable jury to reach a verdict in their favor. The record evidence contains nothing more than vague and conclusory allegations about other Piatt residents and their uses of land in the Township, and as the District Court rightly found, none of the Appellants' comparisons are apt. Contrary to the Appellants' bald assertions, there is no evidence that Robert Aikey ever violated any Township ordinance.[6]

---

[6] The Sheddys argue that "a genuine issue of material fact exists in relation to

6

The Sheddys admit in their concise statement of material facts filed in opposition to Piatt's motion for summary judgment that Mr. Rice—whose first name is omitted throughout the record—was never the subject of any complaint to the Township, so the Township was never prompted to initiate enforcement proceedings against him. Buster Barlock's property was in an area zoned commercial, whereas the Appellants' property was located in an agricultural zone. Finally, C. Edward Sheddy operated a junkyard on the same 500 Sams Road property at issue in this case, but he supposedly did so from 1960 to 1964, approximately forty years before Piatt enforced its ordinance against the Sheddys.[7]

The Sheddys fail to provide any evidence explaining how these distinctions do not amount to a "rational basis for the difference in treatment" with their purported

---

whether Sheddy's use was grandfathered (or nonconforming) . . . and whether Mr. Aikey was guilty of the same conduct, but not prohibited from engaging in it." Appellants' Br. at 17. The first purported question—whether the Sheddys have a non-conforming use— was already answered by the state courts in the negative, and we will not relitigate it here. The second question—whether Mr. Aikey violated any Township ordinance—cannot possibly be answered in the affirmative based on the dearth of the evidence provided by the Sheddys.

[7] We need not address the Appellants' challenge to "the proposition that you must be a landowner in order to violate a zoning ordinance," JA 179, because we find that the timing of the land uses—1960 to 1964 versus the early- to mid-2000s—is a sufficiently rational basis for the Township's treating C. Edward Sheddy differently.

comparators.[8] The Sheddys contend that these comparators were "individuals whom the Defendant identifies as not being 'similar', but the fact remains they were not prosecuted and Plaintiff Louis Sheddy was not utilizing 'similar' as the term of art Defendant wants to depict it as." Appellants' Br. at 18. In light of the fact that their "class of one" equal protection claim hinges entirely on the Appellants' showing that they were "intentionally treated differently from others *similarly* situated" *Olech*, 528 U.S. at 564 (emphasis added), their insistence on not using "similar" as a term of art is tantamount to a concession that they cannot establish an element of the claim, thus rendering any lingering questions of fact immaterial. Moreover, based on the record, we can find nothing that would allow a factfinder to infer that the Township behaved irrationally, arbitrarily, or discriminatorily.

## III.

For the foregoing reasons, we will affirm the District Court's summary judgment in favor of Piatt Township.

---

[8] Although Louis Sheddy's deposition contains references to additional exhibits (*e.g.*, letters relating to Aikey's use of his land), none of these documents was made part of the record before the District Court.